SO ORDERED.

SIGNED this 15th day of July, 2013.



Dale L. Somers<br/>
United States Bankruptcy Judge

_____

For on-line use, but not print publication
# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: | |
| DAVID LEE DAVIS and<br/>NANCY LYNN DAVIS,<br/><br/>DEBTORS. | CASE NO. 12-11958<br/>CHAPTER 7 |
| CALVIN OPP CONCRETE, INC.,<br/><br/>PLAINTIFF,<br/>v.<br/><br/>DAVID LEE DAVIS,<br/><br/>DEFENDANT. | ADV. NO. 12-5159 |

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO DISMISS,
## GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND
## DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

In this adversary proceeding, Plaintiff Calvin Opp Concrete, Inc. (COCI) objects under 11 U.S.C. § 523(a)(2), (a)(4), and (a)(6)[1] to the discharge of its claim against Debtor David Lee Davis (referred to herein as Debtor or Defendant). The matters under advisement are Defendant's Motion for Summary Judgment and Motion to Dismiss[2] and COCI's Motion of Summary Judgment.[3] The Court has jurisdiction.[4] For the following reasons, the Court grants Defendant's motion for summary judgment, denies Plaintiff's motion for summary judgment, and denies Defendant's motion to dismiss.

**BACKGROUND FACTS.**

COCI seeks to except from discharge a claim for $203,263.46, which is the balance alleged to be owed on a default judgment entered against Debtor in favor of COCI by the Sedgwick County District Court on August 3, 2011. The judgment arises from an agreement between Debtor and COCI for Debtor to repair equipment owned by COCI.

---

[1] Future references to title 11 in the text shall be to the section only.

[2] Dkt. 21.

[3] Dkt. 25.

[4] This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). There is no objection to venue or jurisdiction over the parties.

The details of the agreement are controverted. Debtor's version of the facts is summarized as follows. In December 2010, when Debtor was unemployed, he agreed to rebuild a 1996 Perkins engine for COCI. The estimated labor cost was approximately $1300 and the estimated parts cost was approximately $2800. The engine was delivered to Debtor. Approximately $4,400 was paid to Debtor for the repair of the Perkins engine. The parties also agreed to a second project involving the rebuilding of a 1993 Ford engine. The estimated total cost for labor and parts for the Ford engine was approximately $4,400. The total estimated cost was advanced to Debtor, and the engine delivered to him in January 2011. Later in January, Debtor began to use the funds advanced to him by COCI for the purchase of parts for personal purposes and failed to purchase the parts needed for either engine. Debtor informed COCI of this fact, and approximately $2,200 more was advanced to him by COCI. The total funds advanced were approximately $11,000. According to Debtor, he completed rebuilding the Perkins engine and returned it to COCI in March. Although the engine job involving the 1993 Ford was not completed, it was returned to COCI at the same time. COCI's allegations imply that neither job was completed and the engines were not returned.

The following facts concerning the state court litigation are evidenced by documents filed in this Court and are uncontroverted. On July 7, 2011, COCI filed suit against Debtor in Sedgwick County District Court. The factual allegations in general terms assert an agreement with Debtor to repair three items, the Ford engine and two tractors, COCI's advancement of funds, Debtor's use of the advancement for personal

purposes, and Debtor's failure to complete repair and return the engines to COCI.  The petition alleges claims for breach of contract, conversion by bailee, breach of fiduciary duty, embezzlement/conversion, and fraud.  For each count, COCI seeks an award of damages in the amount of the advances for the Ford engine (approximately $4,400) and the later advancement for parts ($2,200), plus interest, compensation for loss of use of the equipment, and costs and fees.  Personal service was made on the Debtor, but he did not answer or otherwise appear.  On August 3, 2011, without notice to Debtor or hearing, a Journal Entry of Judgment was entered (Judgment).  It granted judgment on all of the counts alleged and awarded judgment for the amount requested in the petition.  COCI undertook garnishment proceedings to collect the Judgment.

      Debtor, and his wife, filed for relief under Chapter 7 on July 19, 2012.  On August 15, 2012, COCI filed a proof of claim for $203,263.46 based upon the August 3, 2011 Judgment.  COCI filed this adversary proceeding on October 3, 2012.  It seeks under § 523(a)(2), (a)(4), and (a)(6) and the doctrine of collateral estoppel to except the Judgment from discharge as a debt for property obtained by false pretenses or fraud, for fraud while acting in a fiduciary capacity, and for willful and malicious injury.  Debtor moves for summary judgment setting forth his version of the facts and contending COCI is not entitled to invoke collateral estoppel with respect to a default judgment and further, that the adversary complaint should be dismissed for failure to plead its claims with particularity.  COCI, in addition to controverting Debtor's verison of the facts, responds that Debtor's motion for summary judgment is barred by the Rooker-Feldman doctrine

4

and collateral estoppel and the motion to dismiss should be denied. COCI also moves for summary judgment relying upon the doctrine of collateral estoppel and the state court's findings of Debtor's liability for fraud, breach of fiduciary duty, and embezzlement/conversion.

**DISCUSSION.**

### A. DEBTOR'S MOTION TO DISMISS IS DENIED.

Debtor's Motion to Dismiss is based upon two arguments: (1) that the compliant is deficient because it improperly relies upon incorporation by reference of the state court pleadings; and (2) failure to allege facts in support of necessary elements of claims for exception to discharge under § 523(a)(2), (a)(4), and (a)(6). The Court finds neither of these arguments sufficient to dismiss the complaint.

COCI's complaint prays for a ruling that its judgment is excepted from discharge under the doctrine of collateral estoppel. Attached to the complaint are copies of the state court petition, the return of service, and the Judgment. These documents are incorporated by reference, thereby providing the factual basis of a pr ior judgment as required for a denial of discharge based upon collateral estoppel.

Contrary to Debtor's assertion, incorporation of exhibits by reference is permitted in pleadings. Rule 7010 provides that Fed. R. Civ. P. 10 applies in adversary proceedings. Subsection (c) of that rule provides: "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." The complaint shall not be dismissed because it incorporates exhibits by reference.

Debtor's argument that the complaint should be dismissed because essential elements of the three exceptions to discharge are not alleged is likewise without merit. As stated above, the complaint alleges denial of discharge based upon the collateral estoppel effect of the Judgment, not based upon the factual allegations regarding Debtor's conduct. The Court will consider whether the Judgment contains the elements required for exception to discharge when discussing the applicability of collateral estoppel.

**B. THE DEBTOR'S MOTION FOR SUMMARY JUDGMENT IS GRANTED; THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IS DENIED.**

**1. Since the adversary complaint alleges denial of discharge based upon collateral estoppel and the facts concerning the state court litigation are uncontroverted, the Court does not determine which facts concerning the underlying transaction are controverted.**

When moving for summary judgment Debtor sets forth a statement of facts supported by his affidavit and exhibits. In response, COCI controverts Debtor's statements and provides additional facts.[5] Because the Court understands the adversary complaint to be alleging exceptions to discharge under the doctrine of collateral estoppel, the Court does not identify the controverted and uncontroverted facts as to the underlying transaction. Rather, it has satisfied itself that there are no controverted facts relating to the allegations of the state court petition, service on Debtor, and the entry of Judgment.

---

[5] The Court makes no finding whether the statements by either party comply with the applicable requirements of the bankruptcy rules.

These uncontroverted facts are sufficient to grant Debtor summary judgment on the claims asserted in the adversary complaint.

**2. Under the facts of this case, Plaintiff cannot prevail on its allegations of exceptions to discharge under the doctrine of collateral estoppel.**

The doctrine of collateral estoppel (issue preclusion) applies in discharge litigation under § 523.[6] It "prevents a party that has lost the battle over an issue in one lawsuit from relitigating the same issue in another lawsuit."[7] When the issue previously litigated was heard in state court, the bankruptcy court applies the law of collateral estoppel of the relevant state.[8] In Kansas, collateral estoppel operates to preclude the relitigation of issues that were actually decided in a prior proceeding.[9] The elements of collateral estoppel stated by the Kansas Supreme Court are: "(1) a prior judgment on the merits which determined the rights and liabilities of the parties on the issue based upon ultimate facts . . .; (2) the parties must be the same or in privity; and (3) the issue litigated must have been determined and necessary to support the judgment."[10]

In this case, the Judgment does not satisfy these elements as to any of the exceptions to discharge relied upon. There are three reasons for this conclusion.

---

[6] *Grogan v. Garner*, 498 U.S. 279, 284-85 (1991).

[7] *Melnor, Inc. v. Corey (In re Corey)*, 583 F.3d 1249, 1251 (10th Cir. 2009).

[8] 4 *Collier on Bankruptcy* ¶ 523.06 (Alan N. Resnick & Henry J. Sommer eds.-in-chief, 16th ed. rev. 2013).

[9] *Tilzer v. Davis, Bethune & Jones, L.L.C.*, 288 Kan. 477, 487, 204 P.3d 617, 624 (2009).

[10] *Waterview Resolution Corp. v. Allen*, 274 Kan. 1016, 1023, 58 P.3d 1284, 1290 (2002) (quoting *Regency Park v. City of Topeka*, 267 Kan. 465, 478, 981 P.2d 256, 265 (1999)).

First, the Judgment on the claims of fraud, breach of fiduciary duty, and embezzlement/conversion was entered because of Debtor's failure to answer the complaint or otherwise appear. In *Turner*,[11] this Court held that a default judgment does not satisfy the "actually litigated" requirement of Kansas collateral estoppel law. That analysis is applicable to this case. It is:

> Under the majority view, as stated in the Restatement (Second) of Judgments, a default judgment does not meet the actually litigated test.[12] Prior litigation goes to the heart of the rationale for collateral estoppel.[13] The Kansas Supreme Court has recognized that collateral estoppel is a policy to preclude the re-litigation of issues which were previously actually litigated.[14] It also has followed the Restatement (Second) of Judgments with respect to collateral estoppel issues.[15] Although the Court has not found any Kansas appellate decisions expressly holding that collateral estoppel does not apply when the issue was determined by a default judgment in the prior action, other bankruptcy judges in this district have relied upon such a requirement.[16] "Most courts have . . . been reluctant to invoke collateral estoppel where the debtor did not fully participate in the prior litigation or where a default

---

[11] *Total Petroleum, Inc. v. Turner (In re Turner)*, 2012 WL 6680363 (Bankr. D. Kan. Dec. 21, 2012).

[12] Restatement (Second) of Judgments §§ 27-29 (current through August 2012).

[13] *Id.*

[14] *E.g, Tilzer v. Davis, Bethune & Jones, L.L.C.*, 288 Kan. at 487, 204 P.3d at 624.

[15] *E.g, KPERS v. Reimer & Koger Assocs., Inc.*, 262 Kan. 635, 671, 941 P.2d 1321, 1345 (1997).

[16] *Schreibman v. Zanetti-Gierke (In re Zanetti-Gierke)*, 212 B.R. 375, 380 (Bankr. D. Kan. 1997) ("The 'actually litigated' standard requires the resolution of a dispute following a full trial on the merits."; *KC Coring & Cutting Const., Inc. v. McArthur (In re McArthur)*, 391 B.R. 453, 458 (Bankr. D. Kan. 2008) ("except in limited circumstances not present here, default judgments are not given preclusive effect.").

8

judgment has been entered against the debtor."[17] Because the exceptions to discharge are construed strictly in favor of the debtor, when collateral estoppel is invoked as a basis to deny discharge of a particular debt, a strict construction of the elements of collateral estoppel is appropriate.[18]

Second, even if the issues determined by the Judgment were eligible for collateral estoppel treatment because they were entered other than by default, the third element of Kansas collateral estoppel, that the issue previously litigated must have been determined and necessary to support the judgment, is not satisfied. The Judgment awards damages for all counts in the petition - breach of contract, conversion by bailee, breach of fiduciary duty, embezzlement/conversion, and fraud. The factual basis of the dispute between COCI and Debtor is a contract to repair engines. COCI's most straight forward claim is breach of contract, and the damages awarded in the Judgment could be sustained if breach of contract had been the only claim alleged. None of the findings as to fraud, breach of fiduciary duty, or embezzlement/conversion are necessary to support the Judgment. The third element required for collateral estoppel under Kansas law is not satisfied.

Third, the issues determined by the Judgment do not include all of the elements required for the exceptions to discharge under § 523(a)(4) or (a)(6). The first of these

---

[17] 4 *Collier on Bankruptcy* at ¶ 523.06.

[18] *In re Turner,* 2012 WL 6680363 at *4 (footnotes are in the *Turner* decision but have been renumbered for this opinion). An earlier opinion of this Court, *Gilmore v. Gilmore (In re Gilmore)*, 2004 WL 2044116 (Bankr. D. Kan. July 16, 2004), holding that under Kansas law a judgment by default qualifies as a judgment on the merits for collateral estoppel purposes, is rejected to the extent it is inconsistent with *Turner* and this opinion.

9

exceptions is for debts "for fraud or defalcation while acting in a fiduciary capacity."[19] For purposes of the exception, the existence of a fiduciary relationship is determined under federal law.[20] "[A]n express or technical trust must be present for a fiduciary relationship to exist under § 523(a)(4)."[21] "[A] general fiduciary duty of confidence, trust, loyalty, and good faith" is not sufficient to establish a fiduciary relationship for purposes of the exception, and the relationship must be shown to have existed prior to the creation of the debt in question.[22]

Neither the breach of fiduciary duty allegations in the petition nor the findings in the Judgment come close to satisfying this standard. The petition alleges that "Plaintiff [COCI] and Defendant [Debtor] had a business relationship wherein Plaintiff placed trust and confidence in Defendant to perform and promised . . . to purchase parts and complete repair services." Further, that Debtor "had a duty to act for Plaintiff in good faith and with loyalty to use the Plaintiff's advanced fees to purchase parts and complete repair services." The Judgment recites that the allegation in the "Plaintiff's Petition are uncontroverted and true," are incorporated by reference, and are "the findings of fact by the Court to support this judgment." There is no allegation of an express or technical

---

[19] 11 U.S.C. § 523(a)(4).

[20] *Fowler Brothers v. Young (In re Young)*, 91 F.3d 1367, 1371 (10th Cir. 1996).

[21] *Id.*

[22] *Id.* at 1372.

10

trust; the petition alleges only an implied trust arising from a business relationship. This is an insufficient basis for denial of discharge.

Likewise the allegations of the petition and the findings in the Judgment are insufficient to satisfy the elements for denial of discharge for "willful and malicious injury by the debtor to another entity or to the property of another entity" under § 523(a)(6). Without proof of both a willful act and malicious injury the objection to discharge fails.[23] The exception covers "only acts done with the actual intent to cause injury."[24] In order to constitute a willful act, the debtor must intend to cause the consequences of his act or believe that the consequences are substantially certain to follow.[25] The malicious element requires proof that "the debtor either intend the resulting injury or intentionally take action that is substantially certain to cause the injury."[26] "[N]ondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury."[27]

Neither the factual allegations of the petition nor the findings in the Judgment satisfy the definition of willful and malicious injury applicable in discharge litigation. In response to Debtor's arguments in support of summary judgment, COCI relies on the

---

[23] *Panalis v. Moore (In re Moore)*, 357 F.3d 1125, 1129 (10th Cir. 2004).

[24] *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998).

[25] *In re Moore,* 357 F.3d at 1129 (citing *Mitsubishi Motors Credit of Amer., Inc. v. Longley (In re Longley)*, 235 B.R. 651, 657 (10th Cir. BAP 1999)).

[26] *Id.* (quoting *Hope v. Walker (In re Walker)*, 48 F.3d 1161, 1164 (11th Cir. 1995)).

[27] *Kawaauhau*, 523 U.S. at 61.

11

Judgments for conversion by bailee and embezzlement/conversion as the basis for collateral estoppel as to the willful and malicious injury exception to discharge. But the allegations concerning conversion are that COCI delivered money and property to Debtor, that COCI did not consent to Debtor's appropriating the money and personal property for Debtor's own use, and that Debtor refused to return the money and property. Neither willfulness nor maliciousness is alleged. As to embezzlement/conversion, the petition alleges Debtor "wrongfully and intentionally misappropriated and retained Plaintiff's money and personal property for his own use." Again, neither willfulness nor maliciousness are alleged. The Judgment merely incorporated the allegations of the Petition as the findings of fact; it made no findings of either willfulness or maliciousness.

The Court therefore grants Debtor's motion for summary judgment and denies COCI's motion for summary judgment. The doctrine of collateral estoppel is not applicable to bar Debtor from litigating whether his conduct in the performance of his agreement with COCI to repair the engines was such that COCI's claim is excepted from discharge.

**3. The Rooker-Feldman Doctrine does not bar Debtor's motion for summary judgment.**

COCI argues that the Rooker-Feldman Doctrine would be violated by a grant of summary judgment to Debtor. But that doctrine has no applicability where a debtor is opposing the plaintiff's reliance upon the collateral estoppel effect of a state court judgment as the basis for denial of discharge.

"As a general rule, the *Rooker-Feldman* doctrine prevents bankruptcy courts from exercising subject matter jurisdiction over claims if doing so would require them to engage in an appellate review of a state court judgment."[28] The Supreme Court in its 2005 decision in *Mobil Oil* clarified the application of the *Rooker-Feldman* doctrine by stating:

> The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Rooker-Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions.[29]

Defendant's objection to COCI's reliance on the doctrine of collateral estoppel does not fall within this definition. It is COCI, the party who prevailed in state court, who has brought the dischargeability complaint. COCI is not complaining of an injury caused by the state court judgment. The holding that the findings made in the state court judgment do not have collateral estoppel effect in this subsequent dischargeability litigation is not in effect an appellate review of the state court judgment.

---

[28] Dickerson, *Colliding Judgments: Applying the Rooker-Feldman Doctrine in Bankruptcy Cases*, 14 J. Bankr. L. & Prac. 4 Art. 2 (2005).

[29] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

**CONCLUSION.**

The Court denies Debtor's motion to dismiss the complaint, when construed as alleging that the Judgment is excepted from discharge under the doctrine of collateral estoppel. If COCI wishes to proceed with asserting that its claim is excepted from discharge other than on the basis of collateral estoppel, leave is hereby granted to file an amended complaint with in **21 days of the entry of this order**. If an amended complaint is not timely filed, this action shall be dismissed.

The Debtor's motion for summary judgment based upon the inapplicability of collateral estoppel is hereby granted. The Plaintiff's motion for summary judgment based upon the doctrine of collateral is hereby denied.

The foregoing constitute Findings of Fact and Conclusions of Law under Rule 7052 of the Federal Rules of Bankruptcy Procedure which makes Rule 52(a) of the Federal Rules of Civil Procedure applicable to this proceeding.

**IT IS SO ORDERED.**

###